IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, December 14, 2011

## MICHAEL BRANDON ADAMS, v. MORGAN COUNTY CORRECTIONAL COMPLEX, et al.

Appeal from the Chancery Court for Morgan County
No. 1064     Hon. Frank V. Williams, III., Chancellor

No. E2010-02346-COA-R3-CV - Filed March 7, 2012

Petitioner, who is incarcerated, was charged with possession of a cell phone and pled guilty. He filed a Writ of Certiorari after punishment was levied against him, contending that he understood his punishment would be five days of punitive segregation and a $5 fine, but the punishment meted out was suspension of visitation privileges for six months. The Trial Judge upheld the suspension and dismissed the Petition, finding that petitioner pled guilty and waived his right to appeal, and the writ was filed after the sixty day time frame had elapsed. We affirm the Judgment of the Trial Court and remand.

Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., joined and Charles D. Susano, Jr. J. dissented and filed an opinion.

Michael Brandon Adams, Wartburg,  Tennessee, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General, and Lee Pope, Assistant Attorney General, Nashville, Tennessee, for the appellees.

### OPINION

Petitioner, Michael Brandon Adams, a *pro se* prisoner, filed his Petition for Certiorari in the Morgan County Chancery Court, against the Morgan County Correctional Complex Disciplinary Board and various jail officials.  He alleged that the defendants acted illegally,

arbitrarily, and capriciously, and/or exceeded their jurisdiction in violation of his due process rights at his disciplinary hearing.

He contended that he appealed the Board's decision to Commissioner Ray, who affirmed the Board's decision on May 20, 2010. He stated that he agreed to plead guilty to the offense he was charged with (possession of a cell phone), understanding that his punishment would be 5 days of punitive segregation and a $5 fine. He alleged that after he entered his guilty plea, his visitation privileges were suspended for six months, and that is the basis for his appeal.

Adams filed a Uniform Civil Affidavit of Indigency, as well as a copy of his trust fund statement, and a copy of the disciplinary report from April 2, 2010, wherein he was charged with possession of a cell phone. The report states that jail officers were doing a random search of his cell on that date, and found the phone inside his pillow. The officers then asked Adams if the phone was his, and he admitted it was. Adams also attached a Disciplinary Report Hearing Summary dated April 5, 2010, which states that Adams pled guilty to the offense of possession of a cell phone, and shows that Adams signed a waiver saying that he accepted whatever punishment was imposed and further waived his right to appeal. The Summary states that the charge is a "class A" infraction, and that Adams would receive a 5 day punitive segregation and a $5 fine. On April 19, 2010, Adams was sent a memo from Rick Elmore, telling him that since he was found guilty of a class A infraction, his visitation privileges would be suspended for six months.

On April 26, 2010, Adams filed a Disciplinary Report Appeal, stating that he only pled guilty because he was told he would get 5 days in segregation and a $5 fine. He also complained that he requested an inmate advisor but never had one.

The record shows that Adams' appeal was denied by the Warden, who stated that he had waived his right to appeal.

Adams filed a Memo he received from Commissioner Ray, which states that his appeal to her was being returned unanswered because he had waived his right to appeal, and he filed a copy of the Uniform Disciplinary Procedures, which states that an inmate can plead guilty and waive his right to hearing and appeal, and that the board/hearing officer will impose sanctions thereafter.

Defendants filed a Motion to Dismiss, stating that Adams' Petition was untimely, as the Board's decision was final on April 5, 2010, when Adams pled guilty and waived his appeal rights. Also, Adams' petition was not filed within 60 days from that date, but rather was filed later on July 13, 2010. Adams response stated that his Petition was timely as his

appeal process was not exhausted until May 20, 2010, when it was denied by Commissioner Ray.

The Trial Court dismissed the Petition, finding that Adams pled guilty and waived his right to appeal on April 5, 2010, and that the 60 day time limit began running on that date. The Court found that Adams' Petition filed on July 13, 2010, was untimely, and the Court was without subject matter jurisdiction.

Adams filed a notice of appeal and the issue presented on appeal is whether the Trial Court erred in dismissing the Petition.

Adams argues that the 60 day time limit for filing his Petition for Writ of Certiorari did not begin to run until his appeal was "denied" by Commissioner Ray on May 20, 2010. The record reveals, however, that both Commissioner Ray and the Warden rejected Adams' attempted appeal because he had waived his right to file an appeal. When Adams pled guilty to the disciplinary infraction and expressly waived his right to a hearing and appeal on April 5, 2010, he also expressly agreed to "whatever punishment is imposed". The Uniform Disciplinary Procedures which Adams relies upon expressly state that the inmate can waive his right to hearing/appeal by pleading guilty, and further agree to the punishment to be imposed, and that the punishment will be imposed thereafter.

Adams' argument that he only agreed to the punishment that he was told about on that day, fails in light of the express wording of his waiver of the procedures. Since Adams expressly waived his right to appeal, the Board's decision was final on April 5, 2010, which is the date Adams pled guilty and signed the waiver. Since his sixty day window to appeal ended on June 5, 2010, his Petition filed July 13, 2010, was untimely. We affirm the Trial Court's decision finding that since the Petition was not filed within 60 days from entry of the decision complained of this deprives the Court of subject matter jurisdiction. We affirm the Trial Court's Judgment. *See, Gore v. TDOC*, 132 S.W.3d 369 (Tenn. Ct. App. 2003).

The cost of the appeal is assessed to the petitioner, Michael Brandon Adams.

_____
HERSCHEL PICKENS FRANKS, P.J.

-3-